**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **BECKY LEARY** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **CAUSE NO.** `3:16CV-48-TBR` |
| | ) |
| **FORD MOTOR COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.     Plaintiff, Becky Leary ("Leary"), by counsel, brings this action against Defendant, Ford Motor Company ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*, the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seg.* and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et. seq.*

**II. PARTIES**

2.     Leary is a resident of Oldham County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3.     Defendant maintain offices and conducts business within the geographical boundaries of the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4.     Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367 and 42 U.S.C. §2000e-5(f)(3).

5.     Jurisdiction is conferred on Leary's state law claims pursuant to 28 U.S.C. §1367 because her state law claims arise from the same common nucleus of operative facts as their federal law claims and all of their claims form a single case and controversy under Article III of the United States Constitution.

6.     Defendant is an "employer" as that term is defined by KRS 344.030(2) and 42 U.S.C. §2000e(b).

7.     Leary was an "employee" as that term is defined by KRS 344.030(5) and 42 U.S.C. §2000e(f).

8.     Leary satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on her sex, age and disability and retaliation.  Leary received the required Notice of Sue Rights and timely files this action.

9.     A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

10.     Leary, a 50-year-old female, was hired by Defendant on or about September 5, 2000 as an engineer in the Global Paint Engineering- GSR8 department. Leary was continuously promoted throughout her employment with Defendant with her last position being a Team Manager-P558 Paint Launch.

11.     In or about February 2013, Defendant suspended Leary for one month for an accident which occurred in or about November 2012 wherein she was cited with driving under the influence.

12.     After returning from her one-month suspension, Leary recognized that she had an alcohol addiction and sought treatment for this condition.

13.     In or about October 2013, Defendant began to require Leary to submit to blood alcohol and breathalyzer tests due to outside complaints that she was drinking on the job. Although other employees had been subjected to similar outside complaints and/or Defendant had suspicions that an employee was drinking while working, no one else was required to submit to any sort of breathalyzer test while at work. At no point did Leary ever fail a blood alcohol or breathalyzer test.

14.     In or about April 2014, Leary reported to her supervisor, Milton Littles, and the Human Resources Department, that she was experiencing domestic violence in her home. At that time, Leary requested assistance to help her through it. However, Defendant did not provide her with any options to aid or assist her.

15.     In or about May 2014, Leary was assaulted by a family member.

16.     Leary was written-up in or about June 2014 for alleged "abusive language."

17.     On or about July 7, 2014, Leary reported gender discrimination to Chuck Hoffman, the Human Resources Supervisor. Leary complained that Mr. Littles was treating her unfavorably in comparison to her male colleagues concerning language used in the workplace.

18.     After making her complaint of discrimination by Mr. Littles, Leary was suspended for two weeks for "being malicious" in certain comments she allegedly made.

19.     On or about August 16, 2014, Leary complained to Lisa Flaherty about Mr. Little's discriminatory treatment of her. Leary advised Mr. Flaherty that Mr. Littles was unreasonable and threatening resulting in a hostile work environment.

20.     Although Leary continuously made complaints concerning Mr. Little's discriminatory treatment of her, Defendant did not take any corrective action.

21.     On or about May 19, 2015, Defendant terminated Leary's employment for having allegedly used "inappropriate language." Leary's termination occurred approximately three weeks prior to her qualifying for partial retirement.

## V.  CAUSES OF ACTION

### COUNT I: GENDER DISCRIMINATION- TITLE VII AND KCRA

22.     Leary hereby incorporates by reference paragraphs one (1) through twenty-one (21) of her Complaint as if the same were set forth at length herein.

23.     Leary was subjected to different terms and conditions of her employment based on her gender.

24.     Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.* and the Kentucky Civil Rights Act, KRS 344.040.

25.     Defendant's actions were willful, intentional and done with reckless disregard for Leary's legally protected rights.

26.     Leary has suffered damages as a result of Defendant's unlawful actions.

### COUNT II:  RETALIATION IN VIOLATION OF TITLE VII AND KCRA

27.     Leary hereby incorporates by reference paragraphs one (1) through twenty-six (26) of her Complaint as if the same were set forth at length herein.

28.     Defendant retaliated against Leary for having complained of gender discrimination by suspending her and terminating her employment.

29.     Defendant's actions violated the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act, KRS 344.280(1).

30.     Defendant's actions were intentional, malicious and done with reckless disregard for Leary's legally protected rights.

31.     Leary has suffered damages as a result of Defendant's actions.

## COUNT III: DISABILITY DISCRIMINATION

32.     Leary hereby incorporates by reference paragraphs one (1) through thirty-one (31) of her Complaint as if the same were set forth at length herein.

33.     Defendant discriminated against Leary on the basis of her disability.

34.     Defendant's actions were intentional, willful and in reckless disregard of Leary's legally protected rights as protected by the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seg.* and the Kentucky Civil Rights Act, KRS 344.040.

35.     Leary has suffered damages as a result of Defendant's actions.

## COUNT IV: AGE DISCRIMINATION

36.     Leary hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint as if the set were set forth at length herein.

37.     Defendant discriminated against Leary on the basis of her age.

38.     Defendant has willfully and intentionally discriminated against Leary on the basis of her age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C.S. § 621 *et. seq.* and the Kentucky Civil Rights Action, KRS 344.040.

39.     Leary has suffered damages as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Becky Leary, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.     Reinstate Leary to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Leary of front pay in lieu thereof;

2.     All wages, benefits, compensation and other monetary loss suffered as a result of

Defendant's unlawful actions;

3.    Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.    Compensatory damages for Defendant's violations of the KCRA and Title VII;

5.    Punitive damages for Defendant's violation of Title VII;

6.    Liquidated damages for Defendant's violation of the ADEA;

7.    Compensatory damages for Defendant's violation of the ADA;

8.    Punitive damages for Defendant's violation of the ADA;

9.    Costs and attorney's fees incurred as a result of bringing this action;

10.    Pre- and post-judgement interest on all sums recoverable; and

11.    All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych
Andrew Dutkanych
101 North Seventh Street
Louisville, Kentucky 40202
Telephone:  (502) 561-3418
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com

By:  /s/ Krista A. Willike
Krista A. Willike
101 North Seventh Street
Louisville, Kentucky 40202
Telephone:  (502) 561-3443
Facsimile:   (502) 561-3444
Email: kwillike@bdlegal.com
*Counsel for Plaintiff*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Becky Leary, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych
Andrew Dutkanych
101 North Seventh Street
Louisville, Kentucky 40202
Telephone:  (502) 561-3418
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com

By:  /s/ Krista A. Willike
Krista A. Willike
101 North Seventh Street
Louisville, Kentucky 40202
Telephone:     (502) 561-344
Facsimile:(502) 561-3444
Email: kwillik@bdlegal.com
*Counsel for Plaintiff*

Dated: 1/25/16.